O. Bruton **SMITH** and Bill Smith, and **Federal Deposit Insurance Corporation,** as Successor to the Rights of North Carolina Federal Savings and Loan Association, Plaintiffs,

v.

The **UNITED STATES,** Defendant.

No. 92–540 C.

United States Court of Federal Claims.

July 1, 1999.

---

Gaston Hemphill Gage, Parker, Poe, et al., Charlotte, NC, David Lewis Creskoff, Washington, DC, Bill G. Kuhns, Dallas, TX, for plaintiffs.

Ellen Mary McElligott, William Kent Olivier, Delfa Castillo, Kenneth MacPhee Kulak, Ming-Yuen Meyer-Fong, Saul Jay Singer, Gregory Raymond Firehock, U.S. Department of Justice, Civil Division-Commercial, Washington, DC, George Moniford Beasley, III, Annapolis, MD, for defendant.

**360**

## ORDER

SMITH, Chief Judge.

Private plaintiffs and plaintiff FDIC have moved for an enlargement of time of 90 days, until October 29, 1999, to conduct fact discovery in this case. As good cause therefor, plaintiffs argue that the number of depositions, as well as still outstanding document requests and interrogatories discovery remaining, make it impractical that discovery could be completed by July 31, 1999.

Defendant filed a unified response that addressed this and the six other motions for enlargement of the fact discovery period in "first-thirty," *Winstar*-related cases. Although defendant states at the outset that it is "generally reluctant to oppose any party's request for enlargement," it nonetheless opposes all the requested enlargements, including this one. Defendant does argue that, in this particular case, good cause has not been shown to grant the enlargement, but its main concern appears to be with the effect that these enlargements as a group would have on the comprehensive, tiered discovery plan governing the *Winstar*-related cases. Defendant points out that its resources have been carefully allocated with a view towards ending all fact discovery by the end of July, beginning expert discovery in those cases at that point, and beginning fact discovery in the next wave of cases. The requested enlargements, it is argued, would upset this balance and prejudice the government.

The court is not persuaded that defendant will be prejudiced by granting the enlargement requested by plaintiffs. If this case were not operating under the *Winstar*-related case umbrella, the court has no doubt that the requested enlargement would have been unobjectionable to defendant: according to plaintiffs' June 15th reply brief, there are thirteen noticed deposition still to be conducted, and most, at least as of June 15th, still needed to be scheduled. Additionally, defendant has served substantial numbers of interrogatories on both private plaintiffs during the month of June.

The question, then, is whether this enlargement really works a hardship on defendant, which has resource demands not necessarily faced by the other litigants. Granting this enlargement will, of course, mean that some fact discovery in first-thirty cases will take place at the same time as both expert discovery in first-thirty cases and initial fact-discovery in second-thirty cases is beginning. However, the court does not view this as an unreasonable or prejudicial burden on defendant. Extending the discovery period will mean that counsel can devote time to other cases in the coming month besides this one. Moreover, the impact of the commencement of fact discovery in the second-thirty cases is overblown, since discovery in the first 90 days is limited to document production, and experience in all the first-thirty cases has shown that discovery burdens hit on the back end, not the front end, of the fact discovery period. The court has no doubt that defendant will have to make some adjustments in resource allocation, but this apparently is something that defendant has done quite often in this case already. As plaintiffs point out, since June 1997 defendant has changed its attorney of record in this case four times.

Accordingly, plaintiffs' motion for a 90–day enlargement of time within which to complete fact discovery is granted, and fact discovery in this case shall be completed by October 29, 1999